**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DERON KINCAID,

     Petitioner - Appellant,

 v.

DAVID RUNNELS, Warden,

     Respondent - Appellee.

No. 09-16738

D.C. No. 4:07-cv-00608-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, District Judge, Presiding

Argued and Submitted August 29, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District
Judge.[**]

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable James L. Graham, Senior U.S. District Judge for the
Southern District of Ohio, sitting by designation.

Deron Kincaid appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction over this appeal under 28 U.S.C. § 2253(a) and affirm.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of habeas corpus may be granted only if the "last reasoned decision" by a state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Kincaid made a request to represent himself six days before jury selection began in his state court murder trial. The court granted Kincaid's request but denied his further request for a continuance of the trial. The issue in this case is whether the state trial court violated Kincaid's Sixth Amendment right to self-representation. *See Faretta v. California*, 422 U.S. 806 (1975); *see also Armant v. Marquez*, 772 F.2d 552, 557-58 (9th Cir. 1985) (holding that in certain circumstances the denial of a continuance can render the right to self-representation meaningless).

The California Court of Appeal did not unreasonably determine that the trial court could grant Kincaid's request to represent himself, but deny him a

continuance, when the request was made six days before jury selection.  The only clearly established Supreme Court standard on the timing issue is that the request must be granted if made "weeks before trial."  *Faretta*, 422 U.S. at 835; *see also Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) (finding no Sixth Amendment violation where *Faretta* request "fell well inside the 'weeks before trial' standard").  The United States Supreme Court recently emphasized that state courts must be granted "deference" and "latitude" in matters where Supreme Court precedent establishes only a general standard, as opposed to a specific legal rule.  *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86 (2011).  The "weeks before trial" standard of *Faretta* is a general one, and the record amply supports the determination that Kincaid unreasonably delayed in requesting to represent himself.  At the time he made his request, Kincaid had been in custody on murder charges for 782 days, a year had passed since the original trial date, motions *in limine* had been ruled on, and the jury pool had been called.

Moreover, the state court did not make an unreasonable determination of the facts.  Kincaid portrays his request as stemming from his counsel's failure to communicate, but the record of the colloquy between the trial court and Kincaid supports the state court's determination that Kincaid's *Faretta* request was based on his belief that counsel had not pursued certain investigatory leads.  The state

3

court was within its discretion in determining that the defense was ready for trial and that a continuance was not warranted. Of the items that Kincaid raised with the trial court as needing investigation, all but a bus schedule had been taken care of by counsel and the investigator, and counsel represented to the court that the investigator was in the process of "checking it out." With the defense case prepared for trial, the trial court reasonably found that a continuance was unnecessary if Kincaid elected to exercise his *Faretta* right and represent himself at trial six days later.

**AFFIRMED.**