**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 7 MAP 2014 |
| | : |
| Appellant | : Appeal from the order of Superior Court at |
| | : No. 1135 EDA 2012 dated April 10, 2013, |
| | : reconsideration denied June 12, 2013, |
| v. | : reversing and remanding the Delaware |
| | : County Court of Common Pleas, Criminal |
| | : Division, judgment of sentence at No. |
| WILLIE LEE BROOKS, | : 23-CR-0000811-2009 dated October 25, |
| | : 2011. |
| Appellee | : |
| | : ARGUED:   September 9, 2014 |

## OPINION

**MR. CHIEF JUSTICE CASTILLE**                    **DECIDED:   November 20, 2014**

This is an appeal by the Commonwealth of Pennsylvania from the order of the Superior Court which reversed the judgment of sentence imposed on appellee Willie Lee Brooks and remanded for a new trial on grounds that the trial judge erred in denying a continuance request made by appellee, on the day scheduled for jury selection, on the ground that he wanted to represent himself *pro se*.   The case involves the intersection of principles involving the right to self-representation and the discretionary authority of the trial court in managing trial schedules.   Because we find that the trial court did not abuse its discretion in the circumstances which we further examine below, we vacate the

Superior Court's order and remand for that court to consider appellee's remaining appellate issues.[1]

On December 6, 2006, officers from the Radnor Township Police Department responded to a report of a suspicious person in the rear yard of a private residence. When the officers arrived, an unknown individual discharged a weapon in their direction and fled the scene. The shooter remained at large until July 13, 2007, when appellee was arrested for another offense. During their investigation of the other offense, the police found evidence that linked appellee to the 2006 Radnor shooting and, on January 30, 2009, appellee was charged with crimes related to that shooting. After a preliminary hearing in the Delaware County Court of Common Pleas, appellee was bound over for trial, and counsel was appointed to represent him.[2] The pre-trial conference was repeatedly continued, and a scheduled July 18, 2011 trial date (nearly two and one-half years following the lodging of charges) was continued to August 15, 2011. On August 16, 2011, the day jury selection was to begin, appellee asked for leave to represent himself, and for a continuance in order to prepare his defense. After a colloquy, the trial judge, the Honorable Michael F. X. Coll, concluded that the request was a delaying tactic, and denied a continuance. Given the denial, appellee acceded to being represented by appointed counsel, a jury was selected, and the case proceeded to trial as scheduled. On August 19, 2011, the jury found appellee guilty of various counts of criminal attempt to commit homicide, possession of firearm prohibited, possession of an instrument of crime,

---

[1] Because the panel awarded a new trial on the continuance issue, it did not reach appellee's additional issues, which included challenges to the jury selection process and the trial court's ruling regarding the admissibility of prior convictions.

[2] At the time, appellee was incarcerated in the Federal Detention Center in Philadelphia.

and loitering and prowling at night.[3]  Appellee was sentenced on October 25, 2011; a post-sentence motion was filed and denied.   Appellee then filed a notice of appeal to the Superior Court.

In its Rule 1925(a) opinion,[4] the trial court explained that it properly denied a continuance because appellee's "stated desire to represent himself was a mere ploy for a delay of the trial."   Tr. Ct. Opinion at 6.   The court noted that appellee's trial counsel "had a year to prepare for trial, during which time he gathered quite a bit of evidence," and counsel had declared himself to be "extraordinarily well-prepared."   Id. at 7, citing N.T. 8/16/11, 5, 8.   The court further stated that the "dockets indicate that the pre-trial conference was continued six times and trial was continued from July 18, 2011 to August 15, 2011."   The court also deemed it significant that: "Once [appellee] learned that this Court would not continue the matter again, he withdrew his request to represent himself. It is clear to this Court that [appellee's] request was a mere gambit for a delay of the trial." Id.

The Superior Court reversed in a published panel opinion authored by Judge Lazarus, and joined by Judges Ott and Strassburger.   Commonwealth v. Brooks, 66 A.3d 352 (Pa. Super. 2013).   The panel ruled that the trial court erred in denying appellee's request for a continuance in order to represent himself.   The panel reasoned that appellee's request was made before jury selection, and was therefore timely.   The panel further explained its view that consideration of intent in making a continuance request was "critical, and the trial court must determine if the motion to proceed *pro se* with a continuance is a reasonable attempt to delay the proceedings for the legitimate

---

[3] 18 Pa.C.S. §§ 901, 907, 6105, 5506.

[4] See Pa.R.A.P. 1925(a) (upon receipt of notice of appeal judge shall file opinion of reasons for rulings on errors complained of by appellant).

purpose of preparing a defense, or if it is intended to obstruct the process of justice and frustrate the operation of the court." 66 A.3d at 356. The panel determined that there was little support in the record for the trial court's determination that appellee's request was a "mere ploy" to delay his trial:

> While we must give deference to the trial court, we can find little support in the record for the contention that Brooks was engaged in an improper attempt to delay his trial. Of the six continuance motions, three suggested that Brooks was not even in the courtroom, as in the place of Brooks' signature is written "ATTY WILL NOTIFY DEF." Much of the documentation regarding these motions is incomplete, and thus it is difficult for this Court to discern from the original record the reasons for each continuance. There is, however, evidence on the record that the proceedings were delayed by waiting for federal authorities to forward relevant records. . . . On the first day of trial, Brooks' counsel told the court that four days earlier he had received "140 pages of transcripts from Federal Court which [Brooks] had not had a chance to read." This also supports a finding that there was delay in obtaining documentation regarding the related federal prosecution of Brooks. None of this suggests Brooks was engaged in an improper attempt to delay or frustrate the proceedings.

Id. at 358 (record citations omitted).

The panel then held that "[w]here the court finds that the defendant is engaging in improper delay, the court must place sufficient evidence on the record to support this conclusion." Id. at 359. After concluding that the trial court here abused its discretion when it failed to place such evidence on the record, the panel further held that "absent a compelling reason supported by the record," the denial of appellee's continuance request violated his Sixth Amendment right to represent himself under Faretta v. California, 422 U.S. 806 (1975). The panel thus reversed the judgment of sentence and remanded for a new trial. Id.

The Commonwealth filed a petition for allowance of appeal, which this Court granted to consider the following issue: "Where the trial court concludes a continuance

request was made solely for purpose of delay, must the court support its decision by placing evidence on the record or articulating 'compelling reasons'?" Commonwealth v. Brooks, 86 A.3d 830, 831 (Pa. 2014).

Appellate review of a trial court's continuance decision is deferential. "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. . . .'" Commonwealth v. Randolph, 873 A.2d 1277, 1281 (Pa. 2005) (quoting Commonwealth v. McAleer, 748 A.2d 670, 673 (Pa. 2000) (internal citations omitted)). In contrast, our review of the Superior Court's determination that the trial court abused its discretion here is not deferential, for we are identically situated to the Superior Court when reviewing the exercise of the trial court's discretion.

The Commonwealth argues that the Superior Court erred because the party requesting the continuance (here, appellee) has the burden to justify the request, and the trial court has no burden. According to the Commonwealth, appellee had a year to prepare for trial and his last-minute request for continuance was untimely, insincere, and pursued only for purposes of delay. The Commonwealth posits that appellee asserted his right to represent himself only as a bargaining device for a continuance. The Commonwealth contends that the published Superior Court decision here devised a new standard that: 1) creates a presumption that a last-minute request to proceed *pro se* should be granted; 2) requires the trial court to demonstrate a "compelling reason" for

denying such continuance; and 3) assigns to the trial court the burden of placing "sufficient evidence" on the record to support its conclusion that the defendant is engaging in improper delay. The Commonwealth acknowledges the right of a defendant to represent himself at trial as recognized in Faretta, but notes that the invocation of the right to self-representation must be timely and unequivocal, and further stresses that, unlike appellee, the defendant in Faretta made his request to represent himself "weeks before trial." See 422 U.S. at 835.

The Commonwealth further stresses that the trial court has the discretion to grant or deny a continuance; in exercising that discretion, the court must weigh the defendant's right to self-representation against the governmental interest in the efficient administration of justice. See Randolph, 873 A.2d at 1281-82. See also Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (Circuit Court of Appeals granted federal *habeas corpus* relief to state court prisoner on ground that state trial court's denial of continuance to defendant six days before trial in order to substitute newly appointed counsel violated right to counsel; in reversing, Supreme Court observes: "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel."). The Commonwealth argues that here, where appellee requested a continuance on the morning of trial, the court's denial of that request was well within its discretion, and the Superior Court's reversal erroneously established a new "presumption in favor of last-minute continuance requests to proceed *pro se*." Commonwealth's Brief at 17. The Commonwealth further stresses that the Superior Court's new standard is not rooted in this Court's rules or precedents, but rather is

bottomed upon an outdated, non-binding decision from the U.S. Court of Appeals for the Ninth Circuit. See Armant v. Marquez, 772 F.2d 552 (9th Cir. 1985) (in certain circumstances denial of continuance renders right to self-representation meaningless). The Commonwealth adds that Armant does not even control in the Ninth Circuit any longer. See, e.g., Kincaid v. Runnels, 450 F. Appx. 649, 650-51 (9th Cir. 2011) (no violation of Sixth Amendment right to self-representation where trial court denied request for continuance made six days before jury selection); U.S. v. Garrett, 179 F.3d 1143, 1145 (9th Cir. 1999) (finding no abuse of discretion and affirming trial court's denial of day-of-trial continuance request).

The Commonwealth also argues that the Superior Court mistakenly determined that the denial of a continuance interfered with appellee's right to proceed *pro se*. Indeed, the Commonwealth claims, appellee's request to represent himself was equivocal: it was employed as a bargaining tool, and notably, when the court denied the continuance, appellee abandoned his attempt to represent himself. Commonwealth's Brief at 19-20 (citing Commonwealth v. Davido, 868 A.2d 431, 439-40 (Pa. 2005) for proposition that defendant's request to represent himself is deemed equivocal where request was tied to request for new counsel, and where, when continuance was denied, defendant clearly stated he did not wish to proceed *pro se*). Along these lines, the Commonwealth adds, appellee's asserted need to review his own statements reflected in the transcript of the sentencing allocution in a related federal criminal matter[5] did not present a compelling reason for a continuance, and the trial court correctly recognized

---

[5] Appellee was subject to federal firearms charges related to his illegal possession of a handgun during the incident involved in this appeal, to which appellee pled guilty and for which he was sentenced.

appellee's request as the "gambit for delay" that it was. Commonwealth's Brief at 21, citing Tr. Ct. Opinion at 7. And, adverting to the standard for assessing discretionary decisions, the Commonwealth argues that it is clear that the trial court's ruling was not motivated by prejudice, bias or any other improper factor that would call into question its discretionary judgment. Id. at 22-23 & n.1 (citing, inter alia, Commonwealth v. Sandusky, 77 A.3d 663, 672 (Pa. Super. 2013) (trial court's explanation for denying continuance "denotes a careful consideration of the matter" and "does not reflect a myopic insistence upon expeditiousness in the face" of request; it was not arbitrary denial) and U.S. v. Wright, 682 F.3d 1088, 1090 (8th Cir. 2012) (denial of last-minute continuance request which created "Hobson's choice between either proceeding with appointed counsel or representing himself with no time to prepare" was predicament of defendant's own making)).

Appellee responds that case law and the Pennsylvania Rules of Criminal Procedure require that the trial court support a decision to deny a continuance. In appellee's view, the trial court's explanation that appellee's request came just before the scheduled jury trial commenced, that counsel had represented appellee for almost a year, and that counsel was well-prepared, is insufficient support for the denial. Appellee argues that the trial court should have discussed the reasons appellee cited for his dissatisfaction with his counsel, as well as a "discrepancy" respecting discovery materials delivered to counsel before trial.[6] Appellee also agrees with the Superior Court's holdings that the trial court should have placed evidence supporting its decision to deny a

---

[6] The discrepancy to which appellee refers concerns the length of a transcript from appellee's related federal criminal trial. See infra n.8.

continuance on the record, and that in the absence of such further explanation, the trial court's ruling was insufficiently supported.

Appellee relies on Pa. R. Crim. P. 106(C), which states, in part, that "the judge shall on the record identify the moving party and the reasons for granting or denying the continuance."[7] Appellee further places heavy reliance on the panel decision in Commonwealth v. Prysock, 972 A.2d 539 (Pa. Super. 2009), where, among other points, the Superior Court observed that prior decisions noted that detailed factual findings by the trial court to support its denial of a continuance are to be "commended," and "in their

---

[7] In relevant part, Rule 106 provides:

**Rule 106. Continuances in Summary and Court Cases**

(A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

\* \* \* \*

(C) When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance. The judge also shall indicate on the record to which party the period of delay caused by the continuance shall be attributed and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with Rule 600.

(D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

\* \* \* \*

Pa. R. Crim. P. 106.

absence," this Court had found an abuse of discretion. Id. at 544 (citing Commonwealth v. Tyler, 360 A.2d 617 (Pa. 1976)); see also U.S. v. Welty, 674 F.2d 185, 188-89 (3d Cir. 1982) (where defendant requests new counsel or seeks to waive right to counsel on eve of trial, court must engage in at least "minimal inquiry" to determine whether reasons for request constitute good cause and are thus sufficiently substantial to justify continuance; reversal warranted because district court made no inquiry "as to the reason for Welty's dissatisfaction with his assigned counsel and little inquiry into whether Welty's decision to proceed *pro se* was made knowingly and intelligently.").

Appellee asserts that the matter could be remanded to the trial court for a further consideration of appellee's request to represent himself; appellee further indicates that if the matter is remanded, "cooler heads might prevail" and lead to some form of non-trial final disposition. Appellee's Brief at 17. But, his primary position is that the Superior Court should be affirmed. In appellee's view, the record does not support the trial court's decision because: 1) this was appellee's first request for a continuance; 2) he indicated a legitimate concern about his attorney, which was not resolved by the trial court; 3) no prejudice or opposition was stated by the Commonwealth; 4) he could not have perceived that his counsel was not doing enough for him until trial was approaching; 5) the period of time from arraignment to the continued trial listing was approximately ten months, a relatively short time for a serious crime; 6) the trial court did not inquire about how much time he might need to prepare; and 7) he did not act in a disruptive fashion. Appellee argues that these circumstances outweigh the trial court's stated reasons for denying the continuance.

In reply, the Commonwealth notes that Prysock and most of the other cases cited by appellee are not binding on this Court, and, in any event, they are unpersuasive. The Commonwealth argues instead that Commonwealth v. Novak, 150 A.2d 102 (Pa. 1959), is apt. In that case, the defendant made a day-of-trial motion to change counsel. This Court affirmed the trial court's decision to deny the request, holding that requiring the court to grant the request "would shackle, not promote, justice." Id. at 110. The Commonwealth also argues that there is no need for remand, where the record and the trial court's Rule 1925(a) opinion are sufficient for appellate review.

Our review of the record reveals the following. The initial July 18, 2011 trial date was continued for four weeks, until August 15. On August 16, the day set for jury selection, appellee appeared in court with his appointed counsel and presented a waiver of counsel document, about which the trial judge proceeded to colloquy appellee. When asked whether he would proceed to trial with counsel in the absence of a continuance in order to prepare to proceed *pro se*, appellee decided that he would not represent himself: "I have to, I have no option but to. . . . what I want to do I can't do." N.T. 8/16/11, 4. When the court requested confirmation that appellee was seeking "to have a delay in the beginning of this trial so that you can prepare in your own estimation as a private attorney to represent yourself," appellee responded "Yes." Id. at 5. The following exchange then occurred:

> THE COURT: … You have already had well over a year as far as I know working with Mr. Taggart [appointed trial counsel] who has obtained a lot of evidence, a lot of discovery and has prepared for trial and you have prepared with him. So I am not going to give you a continuance or a delay at this point.
>
> [APPELLEE]: I understand that, that is why I said I have no option but to go with Mr. Taggart at this point in time.

THE COURT: All right, Mr. Taggart are you able and willing to step in and represent and have Mr. Brooks be your client?

MR. TAGGART: I am ready to proceed as I always have been. We reviewed Rule 121 this morning. My only hesitation with proceeding is that he does have a right to represent himself. As I have said before, though, I am ready to proceed.

Id. at 6.

The court then asked appellee several times more if he wanted to proceed with counsel's representation, and appellee stated each time that he had no option given that he was not allowed a continuance to prepare to represent himself, and to have additional access to the prison law library. On further questioning, counsel again advised that he was ready to proceed, and added that appellee's request to proceed *pro se* was "news" to him, although appellee had told counsel that he had written to the court "several weeks" earlier regarding his request. (The record, including the trial court's opinion, contains no indication that appellee had contacted the court prior to the day of trial regarding his purported desire to proceed *pro se*.) The court reiterated that the case had been on the trial list and counsel reiterated his preparedness. Id. at 8-9.

The court again asked appellee if he was ready to proceed with counsel, and the following exchange took place:

[APPELLEE]: If Mr. Taggart has prepared my case to a fine degree how come we have never had a conference pertaining to (inaudible) what is going to be - asked of the witnesses or anything of - that nature?

THE COURT: Mr. Taggart have you talked these things over with your client?

MR. TAGGART: Your Honor [appellee] and I have discussed what I believe the evidence in the case will be, who I believe some of the witnesses will be, what I believe those witnesses will have to testify to. And what my

responses or my questions to those people will be. We have talked in that sense all aspects of what I expect the Commonwealth to represent and how I expect to respond to it. And we have spoken about that several times.

THE COURT: Have you spoken with him about any possible defense that he might have?

MR. TAGGART: Yes.

THE COURT: Does he have any witnesses that he wants to call?

MR. TAGGART: No.

THE COURT: All right you are going to proceed with Mr. Taggart as your attorney.

MR. TAGGART: Your Honor may I place a couple of comments on the record before we go on?

THE COURT: Sure.

MR. TAGGART: Your Honor [appellee] as you know expressed to me on Friday and to the Court earlier that he wished to proceed in this case representing himself. Friday was the first I heard about that. Commonwealth versus [El] which is at 977 A.2d [1158,] it is a Pennsylvania Supreme Court case from 2009, says that a criminal Defendant has the right to represent himself and that he has a right -- in a jury trial he has a right to make that pronouncement up until the time where meaningful proceedings have taken place in the case. The case describes meaningful proceedings as the selection of a jury. We are not at that point yet. As I said, this morning we went through the Rule 121 colloquy on the record. [Appellee] had as I understand it two concerns today. First he wanted to represent himself. Second, this morning he was presented by me with at least 140 pages of transcripts from Federal Court which he had not had a chance to read. I only read them myself on Sunday, received them on Friday. As I said he had two concerns. One was that he wanted to be able to represent himself and two, he wanted to have ample opportunity to prepare to represent himself. He continues to express that desire today and it seems to me he is only going ahead because he is not being afforded the opportunity to prepare.

THE COURT: All right. What about the materials that were handed over to you?

MR. TAGGART: I gave them to him this morning.

THE COURT: And Mr. Dugan [the trial prosecutor] did you narrow down the scope of what you intended to present to the jury?

MR. DUGAN: I did, Your Honor, it was basically a transcript of the allocution that [appellee]....

THE COURT: Right it was composed of [appellee]'s own words in Federal Court?

MR. DUGAN: It was about seven pages. The Assistant United States Attorney as well as [appellee].

THE COURT: Okay, all right, we are going to proceed. Mr. Taggart you are going to represent [appellee].

Id. at 10-14.[8]

In light of this record, and mindful that our review is cabined by an abuse of discretion standard, we find that the Superior Court erred in reversing the trial court. Just as a criminal defendant has a constitutional right to counsel, so too does the defendant have "a long-recognized constitutional right to dispense with counsel and to defend himself before the court." Commonwealth v. Starr, 664 A.2d 1326, 1334 (Pa. 1995), citing Faretta v. California, 422 U.S. at 821. The right to self-representation, however, is not absolute. See Commonwealth v. Staton, 12 A.3d 277, 282 (Pa. 2010); Commonwealth v. Jermyn, 709 A.2d 849, 863 (Pa. 1998). Thus, to exercise this right, the defendant must demonstrate that he knowingly, voluntarily and intelligently waives his right to counsel. Starr, 664 A.2d at 1335. Moreover, the U.S. Supreme Court has held

---

[8] There is a discrepancy between defense counsel's account of the length of the referenced federal transcript (140 pages) and that of the Commonwealth (7 pages). The certified record contains a single transcript from federal proceedings, dated January 26, 2009, in the case of United States v. Brooks, which arose out of federal firearms charges related to appellee's illegal possession of a handgun during the incident involved in this appeal, to which appellee pled guilty and for which he was sentenced. That transcript is 45 pages, consisting of the District Court's guilty plea colloquy and appellee's guilty plea. There is no 140-page transcript containing appellee's allocution prior to federal sentencing in the certified record. As our explication below will make clear, the details regarding such a transcript are not material to our determination in this appeal.

that the States do not infringe the right to self-representation by insisting upon representation by counsel for those who are competent enough to stand trial but who still suffer from severe mental illness to the point where they lack the mental capacity to conduct trial proceedings by themselves. Indiana v. Edwards, 554 U.S. 164, 177-78 (2008).

In addition, as we noted at the outset, this appeal is not simply about the right to self-representation; it also involves the timing of such requests, and the trial court's authority to manage its docket and trial schedule. This Court has recognized that a request to proceed *pro se* must be made in a timely fashion, and not for purposes of delay, and the request must be clear and unequivocal. See Davido, 868 A.2d at 438-40 (although timely, made well before trial was scheduled to begin, defendant's request to proceed *pro se* was equivocal; defendant had asked for new counsel and stated that his request to proceed *pro se* was his "only alternative" if new counsel was denied, but on first day of trial defendant agreed to proceed with current counsel). Accord Staton, 12 A.3d at 283 (discussing timeliness in context of asserted right to self-representation on appeal; noting that request for self-representation occurred after substantial delay, and as appointed counsel was prepared to file timely appellate brief); Jermyn, 709 A.2d at 863 (discussing timeliness in context of request for self-representation for purposes of penalty phase of capital trial; noting that courts have refused continuances based on need to minimize disruptions, avoid inconvenience and delay, maintain continuity, and avoid confusing jury). Obviously, defendants should not be permitted to unreasonably "clog the machinery of justice" or hamper and delay the effort to administer justice effectively. McAleer, 748 A.2d at 674, quoting from Commonwealth v. Baines, 389 A.2d 68, 70 (Pa. 1978). This Court has also noted that if a request to proceed *pro se* is "employed as a

bargaining device rather than as a clear demand for self representation," its denial is not an abuse of discretion. Davido, 868 A.2d at 440.

Appellee argues that there were unresolved issues between himself and counsel that underlay his request to proceed *pro se*, apparently referring to his statement in the transcript that he had not had a "conference" with counsel to discuss witnesses. But, as our summary of the notes of testimony above reveals, the court had the benefit of specific reassurances from trial counsel on that very subject. Counsel represented that he had discussed such matters related to his representation with appellee, and after questioning counsel, the court determined that counsel indeed was well-prepared; counsel, an officer of the court, in fact pronounced himself "extraordinarily well prepared." N.T. at 8. In this regard, Morris v. Slappy, supra, involving the right to counsel and a continuance request, is instructive. In Morris, the U.S. Supreme Court decided that a state trial court did not abuse its discretion when it denied a continuance requested by the defendant, on the third day of trial, so that he might be represented by a different lawyer, despite the fact that his current trial counsel represented that he was prepared, and did not require additional time. "In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance. On this record, it would have been remarkable had the trial court not accepted counsel's assurances." 461 U.S. at 12. The High Court added that "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." Id. at 11.

Appellee also argues that he did not have sufficient time to review the transcript of his own allocution prior to sentencing in his federal firearms possession case, the transcript of which had apparently been provided by the federal court only just before the

rescheduled trial date below. The trial court also engaged this particular point, ultimately dismissing the necessity to review the federal transcript as a ground for a continuance so that appellee could represent himself. The court noted that the transcript merely memorialized appellee's own words and therefore any delay in securing the transcript from that proceeding did not justify a further delay in the state court proceedings set to begin. Moreover, appellee's counsel told the court that he had an opportunity to review the transcript, and in fact did so before appearing in court for trial, and was ready to try the case. N.T. at 13.

The Superior Court's decision in Sandusky, 77 A.3d 663, which is cited by the Commonwealth, is also instructive. In that case, the trial court's decision to deny a counseled request for continuance (there was no issue involving self-representation) was upheld on appeal despite the appellant's claim that he had insufficient time to review voluminous discovery from the Commonwealth – 9450 pages of documentation, 674 pages of grand jury transcripts, and 2140 pages from subpoenas *duces tecum*. Id. at 672. In its opinion, the trial court stated that "the defense team was assuredly capable" of reviewing the discovery, and furthermore, that "the reality of our system of justice is that no date for trial is ever perfect, but some dates are better than others. . . . on balance and considering all the interests involved — the defendant's right to a fair trial, the alleged victims' right [to] their day in court, the Commonwealth's obligation to prosecute promptly, and the public's expectation that justice will be timely done — no date will necessarily present a better alternative." Id. The Sandusky court concluded that the trial court's explanation "denote[d] a careful consideration of the matter," rather than a "myopic insistence on expeditiousness," and that the trial court had not abused its discretion or acted arbitrarily in denying the continuance. Id. See also Randolph, 873 A.2d at 1282 (no abuse of discretion in denial of continuance where defendant waited until two

business days before start of trial to apprise court of desire to have private counsel; trial court properly weighed defendant's right to counsel of his choice against state's interest in efficient administration of justice); Commonwealth v. Robinson, 364 A.2d 665, 672-76 (Pa. 1976) (after two continuances and fair opportunity to obtain private counsel, and where retained private counsel failed to meet with defendant or appear for trial, no abuse of discretion in denying additional continuance and allowing trial to proceed with appointed counsel who was prepared to go forward); Commonwealth v. Novak, 150 A.2d at 110 (defendant's right to choose counsel must be exercised in reasonable time and manner; defendant had two years in which to procure counsel to his liking and would not be permitted to wait until very day of trial to choose new counsel).

Nor does the Superior Court's decision in Prysock, repeatedly cited by appellee, support a finding that the trial court abused its discretion here. In Prysock, the panel noted that a trial judge, when faced with a defendant's day-of-trial request for a continuance to obtain new counsel, should conduct an "extensive inquiry" into the underlying causes of the defendant's expressed dissatisfaction with his counsel, and whether the two had "irreconcilable differences." 972 A.2d at 543. The panel further determined that the trial record did not establish "that any of the factors which we rely on in ascertaining whether the swift administration of justice would be vitiated by granting the continuance were present." Id. at 544. For example, the panel noted that counsel was not appointed until thirty days before the originally scheduled trial date, and that there was nothing in the record to show that the defendant was ever "personally warned that he needed to retain [private] counsel by a specific date or that no further continuances would be granted after the trial was initially continued." Id. Moreover, the panel opined that because the defendant was incarcerated, it was difficult for him to secure private counsel, and it was thus "apparent that [the defendant] was not attempting to unreasonably delay

the trial proceedings by claiming that he was going to retain private counsel when he had no means or intention of doing so." Id. The panel further faulted the trial court for not inquiring into the nature of the asserted dispute between the defendant and his appointed counsel, or how lengthy a continuance was required, and the panel also noted that the Commonwealth had not objected to a continuance. The panel concluded that "while a jury had already been partially chosen when retained counsel attempted to enter his appearance, that fact is not dispositive." Id. at 545. Because the record established that the defendant's "difficulties with appointed counsel pervaded every aspect of the trial," the Superior Court held that the trial court had abused its discretion when it denied a continuance. Id.

Even assuming that Prysock was correctly decided – an issue we need not, and do not, pass upon – that case is distinguishable. First, nothing in the record here shows that appellee had "irreconcilable differences" with his appointed counsel, or received less than competent representation. Rather, appellee claimed that his counsel had not met with him to discuss the case to his satisfaction. The trial court inquired into that very point. In fact, the record shows that counsel had discussed the case with appellee, and the trial court concluded that counsel was well-prepared; there was no indication that any alleged ongoing differences between appellee and appointed counsel would "pervade" the trial here as they did in Prysock.

In addition, although appellee argues – as did the defendant in Prysock – that the Commonwealth presented no opposition to the requested continuance, and that the trial court did not inquire into how much time appellee would need to prepare to represent himself, these points do not prove an abuse of discretion. The trial court is authorized to manage its own trial schedule; the silence of the Commonwealth, or even the agreement of the Commonwealth, does not control a judge's exercise of discretion in such matters;

and, in this case, the lawyers for both sides were ready to proceed to trial on this already continued trial date. Moreover, there is some force to the Commonwealth's argument on appeal that the burden is upon the party requesting a continuance to support that request; the trial court does not have an obligation to assume that the request must be granted, and then probe the party (here, a defendant represented by counsel) for support for the request, or to find weaknesses in the request. This is particularly so if the trial court – which has the advantage of familiarity with the case and its history, and of observing in person the defendant requesting a continuance to represent himself – believes that further delay is the real reason for a day-of-trial request to represent oneself, a motivation the defendant is unlikely to simply admit. That the trial court should not bear this burden is even more so the case where, as commonly occurs and occurred here, the request to self-represent is tied to an expression of dissatisfaction with appointed counsel.

In any event, the record in this case reveals that the trial court did more than simply deny the request for a continuance. The court was aware of the circumstances surrounding appellee's request; the court's colloquy of appellee, and its exchanges with counsel, properly informed its exercise of discretion. Cf. Commonwealth v. El, 977 A.2d 1158, 1166 (Pa. 2009) (inquiry into defendant's mid-trial request to proceed *pro se* was not necessary before court denied continuance; court able to rule on request because it had observed defendant with his counsel, was familiar with counsel's representation, and defendant had never expressed any dissatisfaction with counsel).

Furthermore, notwithstanding the Prysock court's determination that the fact that the defendant's request for a continuance there was made after a jury "had already been partially chosen" was "not dispositive," 972 A.2d at 545, this Court has repeatedly held that the timing of requests relating to self-representation is an important factor in considering whether a trial court abused its discretion in denying the request. See, e.g.,

Davido, supra; McAleer, supra; Jermyn, supra. See also El, 977 A.2d at 1165 (request to take on one's own legal representation after meaningful trial proceedings have begun does not trigger automatic constitutional right to proceed *pro se*; decision instead is left to sound discretion of trial court). Accord Staton, supra. Although the continuance request here preceded jury selection, it is notable that it was not timely under Criminal Rule 106(D), which specifically provides that a "motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it." Pa. R. Crim. P. 106(D). Thus, the timing of a request, combined with other circumstances, may support an experienced trial judge's determination that a request for a continuance was made for purposes of delay.

We are similarly unpersuaded by appellee's argument that the "relatively short" period of time from his preliminary hearing and arraignment to trial -- approximately eleven months, beginning with the preliminary hearing in September 2010 and ending with the continued trial date in August 2011 – shows that the trial court abused its discretion. Appellee's Brief at 23. Even if it is assumed that this was a "relatively short" period in light of the nature of the crimes charged, appellee in that time had been represented by the same appointed counsel, who had discussed the case with appellee, and who had become "extraordinarily well prepared" to try the matter on the day set aside by the court, the defense and the Commonwealth for trial. Respecting appellee's assertion that he "never acted in a disruptive fashion," it is true that disruptive behavior might affect a trial judge's exercise of discretion, but the lateness of a continuance request itself can be disruptive, as is recognized by the restriction in Rule 106(D); the

defendant's conduct need not be contumacious for a request to be disruptive and the absence of such behavior does not warrant granting an eleventh-hour continuance.

Finally, appellee notes that this was his first request for a continuance, but even if that were true, it would not mandate granting the request under the totality of the circumstances here. In any event, the record does not support appellee's claim that this was his only request for a continuance; the record is at best ambiguous in this regard. The Superior Court stated that "of the six continuance motions, three suggested that Brooks was not even in the courtroom, as in the place of [appellee's] signature is written 'ATTY WILL NOTIFY DEF.'" 66 A.3d at 358. But, the fact that appellee may not have been in the courtroom at the time of a continuance request does not necessarily mean that one or more of the requests was not made by his counsel. The Superior Court further indicated that part of the delay was due to the parties waiting for the arrival of federal transcripts, but as we have noted, defense counsel reviewed those transcripts in advance of trial and was not hampered in his preparation by their relatively late arrival.

Considering the totality of these circumstances, we cannot say that the trial court abused its discretion in determining that appellee's day-of-trial request for a continuance, so that he could represent himself, should be denied, and the Superior Court erred in concluding otherwise. It is clear that the Superior Court would have ruled differently than the trial court here, and perhaps members of this Court would have, too; but that does not establish an abuse of discretion. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007). Moreover, although there certainly is something to be said for more thorough trial court explanations of the grounds for a decision – a practice that can obviate appeals and narrow issues on appeal, and that creates a better record for review -- the Superior Court's approach was problematic to the extent it could be read as: creating a presumption that a last-minute continuance request to proceed *pro se* should be granted,

and to the extent that the decision appears to assign a burden upon the trial court to place "sufficient evidence" of "compelling reasons" on the record to support a conclusion that a defendant seeking a continuance in order to represent himself was engaged in an attempt to delay the proceedings. 66 A.3d at 359. Even if not an optimum expression, the record and the circumstances here, as we have described them above, are sufficient to make clear that the trial court's denial of the continuance request was not an abuse of discretion.

Accordingly, we vacate the order of the Superior Court and remand to that court for consideration of appellee's remaining appellate issues. Jurisdiction is relinquished.

Former Justice McCaffery did not participate in the decision of this case.

Messrs. Justice Saylor, Eakin and Baer, Madame Justice Todd and Mr. Justice Stevens join the opinion.