**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM DURALL WILSON | : | |
| | : | |
| Appellant | : | No. 2154 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 25, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007375-2011

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 15, 2020**

Appellant William Durall Wilson appeals from the judgment of sentence imposed for his third violation of probation (VOP).  Appellant challenges the trial court's denial of his request for a continuance and the discretionary aspects of his sentence.  We affirm.

The trial court summarized the history of this matter as follows:

> [At Docket No. CP-46-CR-0006125-2017, Appellant] was arrested and found guilty of murder in the third degree, conspiracy, aggravated assault, person not to possess firearms, and misdemeanor charges, after a jury trial commencing on April 16, 2018, bringing him in violation of probation [in the instant case, at Docket No. CP-46-CR-0007375-2011] for a third time.[1]  On

---

[1] Appellant originally pled guilty to three counts of robbery and one count of conspiracy in 2012.  Each charge carried a maximum penalty of twenty years' incarceration.  At the Commonwealth's request, the trial court sentenced Appellant to eleven and a half to twenty-three months' incarceration followed by three years' probation.  Appellant subsequently violated his probation two

October 25, 2018, [Appellant] received a total sentence of thirty-five to seventy years [for the April 2018 conviction]. [Appellant, who was represented by Aaron Kostyk, Esq. from the Public Defender's Office (prior counsel),] appeared before [the trial c]ourt on December 27, 2018 and knowingly, intelligently, and voluntarily waived his **Gagnon I**[2] [hearing] and stipulated to being in violation of his probation due to the April 2018 conviction.[3] The parties agreed to defer sentencing until a later date, so that the defense could have more time to review the trial transcript [from the 2018 conviction], the [pre-sentence investigation report (PSI)], and the [probation and parole intervention (PPI) evaluation]. In April 2019, [Appellant] requested a continuance of sentencing, which th[e trial] court granted in an order dated April 10, 2019, rescheduling the matter for no earlier than sixty days from the date of the order.[4]

On June 25, 2019,[5] [Appellant] appeared before [the trial c]ourt for a [VOP] sentencing hearing[, represented by John E. Kravitz, Esq. from the Public Defender's Office (VOP counsel)]. At the start of the hearing, [VOP counsel] stated that he did not receive a copy of the Commonwealth's sentencing memorandum from the October 2018 sentencing or the PSI until twenty minutes prior to the hearing. The Commonwealth stated on the record that it

_____

separate times before the instant VOP matter, which resulted in additional sentences of three years' probation in 2014 and a time-served incarceration sentence with one year of consecutive probation in 2016.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] During the stipulation colloquy, Appellant confirmed that it was his "intention to have the [PSI and PPI from the murder case] entered in a sentencing hearing [for the VOP matter] down the road . . . as opposed to having a new PSI done." N.T. VOP Hr'g, 12/27/18, at 8. The record confirms that the Commonwealth provided the PSI to defense counsel at the hearing. **See id.** at 5.

[4] Prior counsel requested a continuance in April 2019 because he had not yet received the trial transcript from Appellant's 2018 trial.

[5] The record reflects that the trial court originally scheduled the VOP sentencing hearing for June 18, 2019, but subsequently vacated that order and rescheduled the hearing for June 25, 2019. **See** Trial Ct. Order, 6/12/19; **see also** Trial Ct. Order, 6/13/19.

provided a copy of the PSI to the Public Defender's Office [during one of the hearings] in December of 2018 or April of 2019.

Trial Ct. Op., 9/19/19, at 1-2.

VOP counsel explained that Appellant's case was assigned to him because Appellant's prior counsel recently left the Public Defender's Office. N.T. VOP Sentencing Hr'g, 6/25/19, at 6. VOP counsel stated that, because the matter had only been continued for one week, "there was not much time to get a chance to review. And it was basically assigned at the last minute." *Id.* at 7. Further, VOP counsel explained that Appellant was incarcerated at SCI Frackville, so "[t]here has been no chance to speak to him" about his sentencing hearing. *Id.* VOP counsel also stated that he had not yet reviewed the PSI because, "frankly, [he] could not believe" that the case would proceed with sentencing as scheduled. *Id.* He also asserted that the Commonwealth's recommendation of nine to eighteen years' imprisonment "consecutive to a 35-year sentence[,] under these conditions[,] is outrageous." *Id.* Ultimately, VOP counsel requested a continuance, but noted that although he explained the "entire situation" to Appellant, Appellant still wanted to proceed with sentencing that day. *Id.* at 8.

In response, the trial court stated:

[G]iven the fact you've indicated you haven't had a chance to review the PSI, I'm going to recess for ten minutes. I want you to read the PSI. I've read it in a period of about five minutes, the relevant portions. The rest of it is going to be argument. We're going to proceed today.

I will register your request for a continuance. This case has been scheduled two or three times. The [Public] Defender's Office was

given the PSI in advance of today, should have read it, should have been aware, should have even attempted to talk to [Appellant] even though he is in Frackville. This case has been waiting.

We're going to proceed today. And I'll entertain the sentencing argument.

So I'm going to recess for ten minutes. You read the documents. And I'll be back. And we'll proceed.

*Id.* at 10-11.

After the trial court reconvened the sentencing hearing, the trial court conducted a colloquy to confirm that Appellant understood his rights and wished to move forward with sentencing via video conference. *Id.* at 13-17. Appellant stated that he did not want to delay the hearing because his daughter was ill and an additional continuance would likely mean that he could not "check up on" her for at least a month. *Id.* at 14. Appellant also explained, "I understand my lawyer is going to do the best that he can do. I understand that he doesn't know anything about my case and my situation." *Id.* However, Appellant indicated that he would like an opportunity to address these points during allocution. *Id.* at 15.

Thereafter, the exchange continued as follows:

THE COURT: [VOP counsel] has in front of him the presentence investigation report that I've allowed him some time to read, although not a lot, but that happens. This was the presentence investigation report that was provided to Judge Branca at the time of your sentencing on the murder case, third degree.

[Appellant]: Yes, sir.

| THE COURT: | You've already been sentenced on that. So this is just the *Gagnon* or the probation violation. And I am going to sentence you separately on that today. You have to understand that the Commonwealth is asking for a consecutive sentence. Do you understand that? |
|---|---|
| [Appellant]: | Yes, sir. |
| THE COURT: | All right. And I will make a decision as to what the sentence will be. That's my purview. You understand that? |
| [Appellant]: | Yes, sir. |
| THE COURT: | I have also looked at the PSI. I have also looked at their motion that they presented to Judge Branca regarding the memorandum in advance of sentence where they requested for life without parole. And you did not get life without parole, but you got a significant sentence. I understand that. Okay? |
| [Appellant]: | Yes, sir. |
| THE COURT: | Knowing -- knowing all of that and in consideration of your daughter's situation and -- not withstanding your daughter's situation, you would have a right to come down here and face the [c]ourt in person but you're saying, nevertheless, that you want to go forward today; is that correct? |
| [Appellant]: | Yes. I don't want to keep this -- keep this going. I just want to get it done today if I can. |
| THE COURT: | Okay. All right. Then let's proceed to sentencing. |

*Id.* at 15-16.

Following Appellant's allocution and argument from both the Commonwealth and VOP counsel, the trial court stated:

What I'm reading from the [***Gagnon***] summary here is that, "[Appellant] was the driver of the vehicle in Norristown with three other males and observed the victims walking. He retrieved two firearms, provided them to Isaiah Freeman, who committed the shooting. Freeman took the cover -- took cover behind the building away from the victims to approach. He then fled the scene in [Appellant's] vehicle. The vehicle was provided by [Appellant]."

[Appellant] provided what is deemed to be the opportunity, the weapons, and transportation to flee the scene. A death of a 16-year-older occurred. You can't bring back a life. That can't happen.

Now I have to juxtapose that to the fact that this [Appellant] at least on page ten of the PSI and I'm -- I'm certain that Judge Branca has taken into consideration the offense-gravity score and the request for life without parole in him giving an aggregate sentence of 35 to 70, a pretty significant sentence, but on page ten of the PSI, on the positive end of the ledger, in addition to the age of [Appellant], he has two children.

It indicates a familial history of substance abuse and a familial history of criminal activity. I think it was his dad who also had committed crimes. That is not an excuse to commit crimes back to back.

What I'm troubled with in this case because I'm only handling the probation violation -- is that on my watch, [Appellant], it was only one year and five months and 17 days before the murder case happened after out of prison.

So that means you didn't -- whatever you learned in the [s]tate sentence, you didn't learn good enough. And the previous offenses happened one year, four months, and two days before violating your supervision; prior to that, 189 days before reoffending in September of 2011. I have to take that into consideration in the totality of what I should give you as a sentence. I have a right I have the discretion to give you a concurrent sentence. I also have the discretion of maxing you out. And I have to ask myself, is there any gleam of hope for you at the age that you would get out, because you're not guaranteed to get out after age 68 very possibly under the 35 to 70. And I know this would do well closer to your max based on the gravity of the offense. I'm factoring all that in. But factoring all those factors in and the fact that I think that you have committed crimes

that place not only Norristown and the public in danger but potentially other places in danger where you come into contact I do know there is a reconciliation factor in sentencing and a restorative factor. I speak out on this in the community, that people who have committed crimes have a right and obligation to change their ways.

And, so, I'm factoring that in as well, that taking of a life could change your life around, but it won't bring back the life of the person who died. So all those factors being in place, I'm prepared to give a sentence on this matter.

*Id.* at 30-33.

The trial court sentenced Appellant to a term of five to ten years' imprisonment, to be served consecutive to Appellant's sentence in the 2018 case. *Id.* at 33. On July 2, 2019, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied.

Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Did the [trial] court abuse its discretion by denying [appointed counsel's] request for a continuance where: (a) the request was not a tactic to unnecessarily delay the proceeding and, (b) [appointed counsel] was unprepared because he was recently assigned to the case after staffing changes; he had not received the Commonwealth's sentencing memorandum in advance; he had not met with [Appellant]; he had reason to believe a conflict of interest existed; and [Appellant] faced the possibility of a *de facto* life sentence on a probation violation?

2. Did the sentencing court abuse its discretion by failing to consider [Appellant's] rehabilitative needs and imposing a consecutive sentence that resulted in a *de facto* life sentence for a probation violation?

Appellant's Brief at viii.

In his first issue, Appellant argues that the trial court abused its discretion by denying his request to continue the VOP sentencing hearing. *Id.* at 15. Appellant contends that VOP counsel "had no time to prepare" for sentencing, as counsel had been "assigned to [Appellant's] case 'at the last minute'" and was unable to review Appellant's PSI report or the Commonwealth's sentencing memorandum from the 2018 case. *Id.* at 17-18; 20. Appellant also argues that there were "extreme consequences at stake," given the length of Appellant's sentence for the 2018 conviction and the Commonwealth's intention to seek "a consecutive sentence of nine to eighteen years because [the trial court in the 2018 case] had rejected [the Commonwealth's] request for a life sentence." *Id.* at 22. Appellant contends that VOP counsel made the continuance request in good faith, but that the trial court improperly "looked to Appellant to override his counsel's request for a continuance." *Id.* at 27. As a result, Appellant concludes that trial counsel was precluded from any "meaningful opportunity to examine the PSI and sentencing memorandum." *Id.* at 28.

Appellant contends that the trial court's decision "ran afoul of judicial efficiency," as it "all but guaranteed the use of additional future court resources," including a direct appeal or a PCRA petition. *Id.* Therefore, Appellant concludes that the trial court's "decision to barrel through proceedings under these circumstances thus not only prejudiced [Appellant],

but ultimately failed to serve the ostensible goal of judicial economy." *Id.* at 21.

The Commonwealth responds that the trial court properly exercised its discretion by "balancing the burden of another continuance on the parties and the court[] against counsel's need for more time to prepare for the sentencing hearing." Commonwealth's Brief at 7. The Commonwealth asserts that the trial court provided VOP counsel with time to review Appellant's PSI report and VOP counsel never indicated that "ten minutes was not enough time." *Id.* Further, the Commonwealth argues that "[i]t is apparent that the trial court determined that counsel's review of the Commonwealth's sentencing memorandum for the [2018] case would be inconsequential and therefore not worthy of any further delay." *Id.* at 7. The Commonwealth concludes that the trial court "anticipated that it would not make any difference and gave [Appellant] a far lighter sentence than what the Commonwealth sought. While another judge may well have reached a different conclusion on the continuance request, [Appellant] fails to articulate a clear abuse of discretion." *Id.* at 9.

We review a trial court's grant or denial of a continuance for an abuse of discretion. *Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa. 2014). As our Supreme Court has explained:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error

of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Id.* (citation omitted and some formatting altered).

Further, this Court has stated that

the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request.

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016) (citations omitted and some formatting altered).

Here, the trial court addressed Appellant's request for a continuance as follows:

[I]t cannot be said that the grounds for the requested continuance "did not previously exist or were previously unknown." This was not a case in which [VOP] counsel had no opportunity to read the PSI or sentencing memorandum until the date of sentencing on June 25, 2019, or at least become familiar with the facts contained in these documents. The Commonwealth stated on the record that the PSI was provided as early as December 2018 or April 2019, giving [Appellant] at least from these dates to prepare for the sentencing hearing. The sentencing memorandum from the hearing with the Honorable Judge Branca merely detailed previous dates and sentences from [Appellant's] file, all of which defense counsel should have known, given that the sentencing hearing at issue was deferred twice for the benefit of ensuring that defense counsel had adequate time to prepare. That counsel for [Appellant] changed in the months between the Commonwealth providing documents and the fate of the hearing does not change the fact that [Appellant] had ample time to prepare and is not a reason for this court to grant a continuance.

Further, neither the "surrounding facts nor nature" of the case were "so intricate or involved" as to mandate a continuance for defense counsel to require additional time to prepare. The information contained in the Commonwealth's sentencing memorandum from the October 2018 sentencing should have already been known to [VOP] counsel from review of [Appellant's] file, and even if it was not, this court granted a recess for [Appellant's] counsel to read through the brief documents before continuing. This court also notes that it was not an abuse of discretion or in violation of the "interests of justice" to deny the continuance request, as [Appellant] himself wished to proceed on the day of sentencing, as stated on the record by both [Appellant] and [Appellant's] counsel. Thus, [Appellant's] claim that the denial of the continuance was an abuse of the court's discretion lacks merit.

Trial Ct. Op. at 4-5.

Based on our review of the record, we discern no abuse of discretion by the trial court in denying the continuance request. *See Brooks*, 104 A.3d at 469. As noted by the trial court, the sentencing hearing was previously rescheduled two times at the request of defense counsel. Although VOP counsel requested an additional continuance on the day of sentencing, Appellant made clear that he wished to proceed with sentencing as planned. *See* N.T. VOP Sentencing Hr'g, 6/25/19, at 15-16. Further, after VOP counsel stated that he was unfamiliar with Appellant's case, the trial court provided additional time to review Appellant's PSI report, which had been furnished to defense counsel in December of 2018. *See* N.T. VOP Hr'g, 12/27/18, at 5. Under these circumstances, and given Appellant's explicit request to proceed with sentencing, we cannot conclude that the trial court's decision to deny the continuance was based on an "unreasonable and arbitrary insistence upon

- 11 -

expeditiousness[.]" **See Norton**, 144 A.3d at 143. Therefore, Appellant is not entitled to relief on this claim. **See Brooks**, 104 A.3d at 469.

In his remaining claim, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 32. Appellant argues that his sentence of five to ten years' imprisonment was "unduly harsh and manifestly excessive" in light of the "already lengthy sentence that [Appellant] received for [the] conviction that gave rise to the violation. The result was a *de facto* life sentence." **Id.** (citing **Commonwealth v. Williams**, 69 A.3d 735, 738 (Pa. Super. 2013)). In support, Appellant contends that the trial court failed to adequately consider the factors set forth in Section 9721(b), including Appellant's need for rehabilitation. **Id.** at 39. Further, Appellant argues that the trial court was "not in the position to properly weigh mitigating factors" because VOP counsel "informed the court that he never talked with [Appellant] before the morning of the hearing and did not have an opportunity to review the [PSI] or the 104-page Commonwealth's sentencing memorandum." **Id.** Although Appellant acknowledges that the trial court had a PSI, he contends that it was "prepared for a different matter and all in the courtroom knew that [VOP] counsel had no opportunity to verify or object to the facts set forth within it." **Id.** at 37. Therefore, Appellant concludes that the trial court's sentence was an abuse of discretion.

The Commonwealth responds that Appellant waived his claim that the trial court failed to consider mitigating factors such as Appellant's rehabilitative needs. Commonwealth's Brief at 10. Further, the

- 12 -

Commonwealth contends that the record belies Appellant's claim, as the trial court reviewed a PSI report and also thoroughly discussed the factors it considered in fashioning Appellant's sentence. *Id.* at 12. Finally, the Commonwealth argues that "the fact that the PSI was prepared for a different matter is irrelevant" because the instant matter "took place only eight months later. [Appellant] fails to address or explain what key changes might have been made to his PSI in that short time frame, and the conduct at issue in the related matter was the very same conduct that constituted his probation violation." *Id.* at 13. Therefore, the Commonwealth concludes that Appellant is not entitled to relief.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised

- 13 -

for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal in his brief. ***See Derry***, 150 A.3d at 991; ***Malovich***, 903 A.2d at 1251. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citation omitted)). Therefore, we will address Appellant's claim.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

- 14 -

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

Upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing . . . ." 42 Pa.C.S. § 9771(b). A trial court may impose a sentence of total confinement if it finds that "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). Pursuant to Section 9721(b)

> the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

Although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence," the record must reflect the sentencing court's consideration of the Section 9721(b) factors. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). Further, "[w]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Here, the trial court addressed Appellant's sentencing claim as follows:

[Appellant] claims that the court abused its discretion by imposing a "manifestly unreasonable" sentence that "serves no purpose enumerated in the sentencing code." [Appellant] points to the fact that he, who is currently thirty-three years old, will be between sixty-eight and one-hundred-and-eight years old before he starts serving his probation violation as evidence that the Court has abused its discretion. Under 42 Pa.C.S. § 9781(c), because [Appellant] has failed to allege any of the listed errors, the sentence should be affirmed. In addition, [Appellant's] allegation that the sentence was excessive in light of the [Appellant's] age at the time of anticipated release is meritless. This court is presumed to be aware of [Appellant's] age and to have weighed that factor. All the information about [Appellant's] family history of substance abuse and criminal activity, [Appellant's] status as a father of two, the case facts, and [Appellant's] age were considered by this court and contributed to its decision to not sentence [Appellant] to nine to eighteen years as requested by the Commonwealth. The fact that this court did not consider these factors sufficient to provide further mitigation of the sentence below five to ten years does not make the sentence excessive, manifestly unreasonable, or without purpose.

Further, this court's sentence was both reasonable and with purpose. [Appellant] influenced an eighteen-year-old to kill a sixteen-year-old, providing the opportunity, the weapons, and the transportation necessary for this offense to occur. This murder took place only one year, five months, and seventeen days after [Appellant] was released from prison and while he was still on probation, after two previous probation violations. This court is entitled to believe that all the evidence before it, including [Appellant's] repeated probation violations, the gravity of the offenses, and the fact that a death has occurred, was not sufficient to require a lesser sentence than that assigned. This court was in the best position to determine the credibility of [Appellant's] statements, possible rehabilitation, mitigating factors, and impact and safety of the community when fashioning a sentence. The sentence was not the result of an abuse of discretion and therefore provides [Appellant] no relief.

Trial Ct. Op. at 11-12.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Colon*, 102 A.3d at 1043. The record confirms that the trial court had a PSI report which it reviewed prior to sentencing. *See* N.T. VOP Sentencing Hr'g, 6/25/19, at 15-16. As such, we can presume that the trial court considered and appropriately weighed Appellant's rehabilitative needs and all relevant factors in fashioning Appellant's sentence. *See Ventura*, 975 A.2d at 1135. Additionally, to the extent Appellant argues that the trial court impermissibly relied on the PSI report from the 2018 case, he is not entitled to relief. As noted previously, Appellant stipulated to the PSI report prepared for his 2018 case and explicitly waived his right to an updated report. *See* N.T. VOP Hr'g, 12/27/18, at 8. For these reasons, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020