J-A03042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 1886 EDA 2021 |

Appeal from the Order Entered September 20, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008022-2012

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER PER CURIAM:                    **FILED MAY 17, 2023**

Appellant, Vamsidhar Vurimindi, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his motion to proceed *pro se*.[1]  We affirm.

Following a bench trial, the court convicted Appellant of two counts of stalking and one count of disorderly conduct.[2]  On April 25, 2014, the court

---

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court determined that the order denying Appellant's motion to proceed *pro se* "is an appealable collateral order under Pa.R.A.P. 313." (Order, filed 9/28/21, at 1 n.1).  We agree with the court's determination. **See** Pa.R.A.P. 313(b) (defining collateral order as "order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost").

[2] 18 Pa.C.S.A. §§ 2709.1(a)(1) and 5503(a)(4), respectively.

sentenced Appellant to an aggregate term of two and one-half (2½) to five (5) years' imprisonment, followed by five (5) years of probation. This Court dismissed Appellant's direct appeal from the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on September 4, 2019. *See Commonwealth v. Vurimindi*, 200 A.3d 1031 (Pa.Super. 2018), *appeal denied*, 655 Pa. 195, 217 A.3d 793 (2019).

On December 18, 2019, Appellant commenced collateral review with the filing of a *pro se* petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed amended petitions on June 11, 2020 and March 10, 2021. Despite PCRA counsel's efforts, Appellant filed a motion to proceed *pro se* on July 12, 2021. On September 20, 2021, the court conducted a hearing to determine whether Appellant would proceed *pro se*, pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998). At the conclusion of the hearing, the court denied Appellant's motion. This appeal followed.

On appeal, Appellant argues that he "has a constitutional right to proceed *pro se*," and he presented the PCRA court with evidence demonstrating that he "is competent to waive his right to counsel and that he made a knowing, intelligent and voluntary waiver of his right to counsel." (Appellant's Brief at 12). Appellant concludes this Court must reverse the order denying his motion to proceed *pro se*. We disagree.

As our Supreme Court has observed:

- 2 -

> **"The right to self-representation … is not absolute."**
> ***Commonwealth v. Brooks***, 628 Pa. 524, 104 A.3d 466,
> 474 (2014). In ***Faretta***[ ***v. California***, 422 U.S. 806, 95
> S.Ct. 2525, 45 L.Ed.2d 562 (1975)], the High Court
> recognized that a defendant may forfeit his right to self-
> representation. ***Faretta***, 422 U.S. at 834 n.46, 95 S.Ct.
> 2525 (trial court "may terminate self-representation by a
> defendant who deliberately engages in serious and
> obstructionist misconduct[;] … self-representation is not a
> license to abuse the dignity of the courtroom" or to fail to
> "comply with relevant rules of procedural and substantive
> law").

***Commonwealth v. Tighe***, 657 Pa. 274, 294, 224 A.3d 1268, 1280 (2020)

(plurality) (emphasis added).

The PCRA court evaluated this case law and concluded that "Appellant's

obstructionist conduct is manifestly clear throughout his post-conviction

record, was confirmed by his subsequent actions off and on the record and

continues unabated by the [c]ourt's orders and directives." (PCRA Court

Opinion, filed 12/20/21, at 5). Our review confirms the court's conclusion.

We emphasize that the record is replete with prolix and duplicative *pro se*

filings that have hindered the court's ability to issue a ruling on the merits of

the underlying PCRA petition. Accordingly, we cannot say that the PCRA court

committed any error here, and we affirm the order denying Appellant's motion

to proceed *pro se*.

Order affirmed.

Judge Sullivan joins this judgment order.

President Judge Emeritus Stevens did not participate in the

consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/17/2023</u>