J-A06015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH SIMMONS | |
| Appellant | No. 2153 EDA 2013 |

Appeal from the Judgment of Sentence July 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001504-2012
CP-51-CR-0001833-2012

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 29, 2015**

Appellant, Keith Simmons, appeals from the judgment of sentence entered July 17, 2013, in the Court of Common Pleas of Philadelphia County. No relief is due.

During the early morning hours on January 7, 2012, Simmons perpetrated two gunpoint robberies within two hours and three miles of each other. With the aid of a co-conspirator, Simmons held his victims at gunpoint and robbed them of their wallets and cell phones. On February 21, 2013, a jury convicted Simmons in the consolidated cases of two counts of robbery, two counts of criminal conspiracy to commit robbery, two counts of possession of an instrument of crime, two counts of firearms not to be

carried without a license, two counts of carrying a firearm on the streets of Philadelphia, and two counts of possession of firearm prohibited.[1] At sentencing, the trial court determined that the counts of conspiracy and violations of the Uniform Firearms Act merged for sentencing purposes because the incident was in the nature of a continuing offense. However, with respect to the charges of possession of an instrument of crime, the trial court ruled the convictions did not merge for sentencing as Simmons had wielded a gun in two separate robberies involving two different victims. **See** N.T., Sentencing, 7/17/13 at 4-5. The trial court sentenced Simmons to an aggregate term of 36½ to 79 years' imprisonment. This timely appeal followed.

We proceed to address Simmons's first issue, wherein he challenges the trial court's decision to deny his request for a continuance. Our review of a trial court's continuance decision is deferential. **See Commonwealth v. Brooks**, 104 A.3d 466, 469 (Pa. 2014). "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." **Id**. (citation omitted).

The record reveals that on February 13, 2013, Simmons rejected a plea offer and indicated his wish to proceed to trial. **See** N.T., 2/13/13 at

---

[1] 18 Pa.C.S.A. § 3701; 18 Pa.C.SA. § 903; 18 Pa.C.S.A. § 907; 18 Pa.C.S.A. § 6106; 18 Pa.C.S.A. § 6108; and 18 Pa.C.S.A. § 6105.

23. Jury selection was scheduled to commence the following day. At the outset of the proceedings on February 14, 2013, Simmons requested a continuance in order to retain private counsel. The Commonwealth objected on the basis that Simmons had not previously indicated a desire to retain private counsel and that both it and the defense were prepared to go to trial. *See* N.T., Voir Dire, 2/7/13 at 8. Noting that no defense counsel had yet been hired and Simmons had failed to indicate that he wished to retain different counsel when he expressed his intent to proceed to trial the day before, the trial court denied Simmons's request. *See id*. at 9-10.

We discern no abuse of discretion in the trial court's denial of the continuance request. The "right to counsel does not give [a defendant] the right to delay the trial indefinitely because he is dissatisfied with competent counsel … ready and willing to represent him." *Commonwealth v. Ingram*, 591 A.2d 734, 738 (Pa. Super. 1991) (citation and internal quotation marks omitted). Here, Simmons did not raise his request to retain new counsel until immediately prior to the commencement of jury selection. Simmons has not, either at the time he initially made his continuance or in his appellate brief, explained any reason for his supposed dissatisfaction with his appointed counsel. Although Simmons baldly maintains that he "suffered prejudice from being deprived of obtaining counsel of his choice," Appellant's

Brief at 32, he does not elucidate the manner in which he was prejudiced.[2] Given Simmons's failure to provide any substantial reason why his current appointed counsel was incompetent or otherwise deficient, we cannot find that the trial court abused its discretion in denying the last-minute request for a continuance in order to employ private counsel.

Simmons next argues that the trial court erred when it permitted to the Commonwealth to introduce the victim's Verizon cellular phone records. When reviewing a trial court's evidentiary rulings, we note that, "the admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Fransen**, 42 A.3d 1100, 1106 (Pa. Super. 2012), **appeal denied**, 76 A.3d 538 (Pa. 2013) (citations omitted).

At trial, the victim, Turhan Laws, testified that Simmons robbed him at gunpoint and stole everything from his pockets, including his cell phone. **See** N.T., Trial, 2/15/13 at 47-48. Laws explained that he later called Verizon at the behest of the police with instructions to leave his cell phone active, in case the robber tried to use it. **See id**. at 59-60. The Commonwealth then proceeded to question Laws regarding the call logs he

_____

[2] Simmons claims in his brief that the trial court's decision was influenced by bias. We do not find any evidence to support the claim of bias. But we admonish the trial court, the Honorable Chris R. Wogan, for his intemperate reference to Simmons as an "idiot" for requesting the continuance. **See** N.T., Trial, 2/14/13 at 10. Such behavior is simply unacceptable.

received from Verizon for the calls made during the period after his phone was stolen, marked as Exhibit C-17. *See id*. at 60-61. Defense counsel objected, noting that the Commonwealth had previously indicated that a Verizon record's custodian would testify regarding the phone records from the victim's cellular phone. *See id*. at 69. On the morning of trial, however, the Commonwealth provided defense counsel with a copy of the phone records with an attached certification of authentication from the Verizon Wireless Custodian of Records. *See id*. at 62-63; *see also* Exhibit C-17. Defense counsel argued that even with the attached certification the victim was not a proper witness to authenticate the phone records compiled by Verizon and that the victim was not qualified to explain what the records purported to contain. *See id*. at 63-67; 69. The trial court ultimately overruled counsel's objection.

Simmons ultimately concedes on appeal that the call logs were admissible as self-authenticating records of a regularly conducted activity pursuant to Pennsylvania Rule of Evidence 902(11). *See* Appellant's Brief at 34. Rule 902 provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> . . .
>
> **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the

proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

. . .

Pa.R.E. 902(11).

Simmons now argues that the Commonwealth failed to provide "reasonable written notice" of its intent to offer the phone records with an accompanying certification of the custodian of records. Appellant's Brief at 34-35. This specific objection to the lack of written notice was not raised at trial. We are therefore constrained to find that this issue is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Pearson**, 685 A.2d 551, 555 (Pa. Super. 1996) (*en banc*) (an appellant may not raise a new theory for an objection made at trial on his appeal).

Lastly, Simmons contends that he was improperly convicted of two counts of possession of an instrument of crime, where the evidence established only a single, continual possession. **See** Appellant's Brief at 37. This claim raises a challenge to the sufficiency of the evidence to support Simmons's convictions.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

- 6 -

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

An individual commits the offense of possession of an instrument of crime if he or she "possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a).

Instantly, despite the jury's conviction of two separate conspiracy charges, the trial court merged Simmons's multiple convictions of conspiracy and violations of the Uniform Firearms Act as it found that the conspiracy was in the nature of a continuing offense. However, the court refused to merge the separate convictions for possession of an instrument of crime, on the basis that Simmons's use of "a handgun in the commission of two separate robberies that occurred over an hour apart in two separate

locations approximately two miles apart," Supplemental Trial Court Opinion, 5/6/14 at 5, evinced the development of two separate and distinct intentions to use a firearm criminally.

In reaching this conclusion, the trial court relied upon the Pennsylvania Supreme Court's decision in **Commonwealth v. Andrews**, 768 A.2d 309 (Pa. 2001). In **Andrews**, the appellant argued that his continuous possession of a handgun during the course of two separate robberies rendered the evidence insufficient to support his conviction of two counts of possession of an instrument of crime. **See id**. at 317. Rejecting this reasoning, the Supreme Court affirmed that "it is the actor's criminal purpose that provides the touchstone of his liability for possessing an instrument of crime." **Id**. at 317-318 (citations and internal quotes omitted). Thus, the court reasoned that the "use of a firearm in committing an offense bears upon the element of intent," such that where the jury had convicted Andrews of two separate conspiracies to commit robbery, "there was sufficient evidence from which the jury could conclude that Andrews' intention to employ the firearm criminally was also separately developed as part of each conspiratorial agreement." **Id**. at 318.

Herein, of course, the trial court determined that the conspiracy to commit the robberies developed as a course of continuing conduct, rather than two separate conspiracies. Even in the absence of two distinct agreements to commit the robberies, we are satisfied that the evidence sufficiently established that Simmons brandished a firearm with the intent to

employ it criminally during the course of two separate and distinct robberies, such that his conviction and sentence on each count of possession of an instrument of crime was proper.

Judgment of sentence affirmed.

Judge Ott joins in the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2015