J-S65037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RASHEED J. ADAMS-SMITH | |
| Appellant | No. 85 EDA 2015 |

Appeal from the Judgment of Sentence August 1, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003263-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 24, 2015**

Appellant Rasheed Adams-Smith appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following his jury trial convictions for rape of a child under the age of 13,[1] involuntary deviate sexual intercourse with a child under the age of 13,[2] indecent assault of a child under the age of 13,[3] and indecent exposure.[4] After careful review, we affirm.

_____

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 3126(a)(7).

[4] 18 Pa.C.S. § 3127(a).

The trial court set forth the relevant facts and procedural history of this matter as follows:

On April 1, 2014, following trial before the [trial court] and a jury, [Appellant] – then represented by William E. Moore, Esquire – was convicted of rape of a child under the age of thirteen, involuntary deviate sexual intercourse with a child under the age of thirteen, indecent assault of a child under the age of thirteen, and indecent exposure.

At trial, the Commonwealth presented evidence that [Appellant] – a close friend of the victim's family – began improperly touching the victim (A.G.) at a time when A.G. was approximately five (5) years old and [Appellant] was a teenager.[5] This improper contact continued over a period of years, beginning with repeated touching by [Appellant] of A.G.'s bare buttocks and ultimately escalating to, inter alia, [Appellant] exposing himself and masturbating to ejaculation in front of A.G. and repeatedly penetrating A.G.'s anus with his penis. A.G. testified that these anal penetrations occurred "too many times to count."

[5] At the time of trial A.G. was ten (10) years old and [Appellant] was twenty (20).

[Appellant] was charged with and convicted of crimes he committed after his eighteenth birthday, specifically the period between July 2011 and September 2012. Evidence of [Appellant's] earlier improper conduct with A.G. was admitted – upon the Commonwealth's motion – solely to provide the jurors with the complete background and history of the case.

On August 1, 2014, [Appellant] appeared before the [trial court] for a hearing to determine whether [Appellant] would be classified as a sexually violent predator. Following hearing, the [trial court] accepted the recommendation of the Pennsylvania Sexual Offenders Assessment Board and determined that [Appellant] was, in fact, a sexually violent predator.

The case then proceeded immediately to sentencing. Following hearing, the [trial court] imposed a standard range sentence of not less than ten (10) nor more than twenty (20) years['] imprisonment on [Appellant's] conviction for rape of a child. The [trial court] imposed a consecutive standard range

sentence of not less than ten (10) and not more than twenty (20) years['] imprisonment on [Appellant's] conviction for involuntary deviate sexual intercourse with a child. The [trial court] further imposed a concurrent sentence of not less than one (1) nor more than two (2) years['] imprisonment on [Appellant's] conviction for indecent assault, and a sentence of two (2) years['] probation on his conviction for indecent exposure.

[Appellant] thus received an aggregate sentence of not less than twenty (20) nor more than forty (40) years['] imprisonment, with the [trial court] explaining the reasons for the sentences imposed at some length on the record.

On August 8, 2014, [Appellant's] trial attorney – Mr. Moore – filed a motion to withdraw as [Appellant's] counsel, averring that he had not been retained by [Appellant] for the purposes of litigating an appeal. On August 11, 2014, Mr. Moore filed on [Appellant's] behalf a motion to modify sentence in order to preserve [Appellant's] post-sentence and appellate rights. On September 9, 2014, following a hearing, the [trial court] granted Mr. Moore's petition to withdraw as counsel on [Appellant's] representation that he desired to engage new appellate counsel and would shortly do so. On November 3, 2014, Henry S. Hilles, III, Esquire, formally entered his appearance on behalf of [Appellant]. Mr. Hilles made no request to file any amended or supplemental post-sentence motions on [Appellant's] behalf and, by order dated December 16, 2014, the Montgomery County Clerk of Courts entered an order denying [Appellant's] post-sentence motion by operation of law.

On January 5, 2015, Mr. Hilles filed on [Appellant's] behalf a timely notice of direct appeal to the Superior Court of Pennsylvania. On January 28, 2015, Mr. Hilles filed a timely statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Trial Court Pa.R.A.P. 1925(a) Opinion, March 12, 2015 ("1925(a) Opinion"),

pp. 1-3 (record citations and some footnotes omitted).

Appellant raises the following issues for our review:

- 3 -

1. Did the Honorable Court err by failing to fully consider the Appellant's request, made during trial, to fire his attorney and engage alternate counsel?

2. Did the Honorable Court commit error by granting the Commonwealth's Motion to Admit Prior Bad Acts Pursuant to P[a].R.E. 404(b) with respect to the Appellant's alleged unlawful sexual contact with the victim on numerous occasions during several years prior to July 17, 2011 (which is the earliest date charged in the Bill of Information)?

Appellant's Brief, p. 4.

First, Appellant alleges the trial court erred by not allowing him to fire privately retained defense counsel mid-trial and retain new counsel. *See* Appellant's Brief, pp. 11-19. Because Appellant retained his own counsel, he effectively requested a mid-trial continuance to seek new counsel. Specifically, Appellant alleges the trial court did not engage in an adequate inquiry of Appellant's reasons why he wished to obtain new counsel. *Id.* He is incorrect.

Our Supreme Court has explained this Court's standard of review for examining a challenge to a trial court's continuance decision as follows:

Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa.2014) (internal quotations and citation omitted).

- 4 -

As this Court has explained:

> [t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.

***Commonwealth v. Sandusky***, 77 A.3d 663, 671-72 (Pa.Super.2013) (quoting ***Morris v. Slappy***, 461 U.S. 1, 11, 103 S.Ct. 1610 (1983)). "Accordingly, a trial court exceeds its constitutional authority only when it exercises its discretion to deny a continuance on the basis of 'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay....'" ***Sandusky***, 77 A.3d at 671-72 (quoting ***Morris***, 461 U.S. at 11-12, 103 S.Ct. 1610). To determine whether a trial court erred in denying a continuance request, "we must examine the circumstances present in the case, especially the reasons presented to the trial court for requesting the continuance." ***Id.*** at 672. Where a defendant is unable to provide compelling reasons, the trial court does not abuse its discretion in denying a continuance. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 746 (Pa.Super.2014), *appeal denied*, 95 A.3d 275 (Pa.2014) (trial court did not abuse its discretion in denying Appellant's fifth request for a continuance, which was based upon nothing more than an unsupported allegation).

Here, nearing the end of the second day of trial, and after the victim had testified, Appellant requested to be allowed to relieve trial counsel[5] of his duties and seek new counsel. *See* N.T. 4/2/2014, pp. 84-96. The trial court conducted an on-record inquiry into Appellant's request during which Appellant stated he no longer had confidence in his attorney. *Id.* However, when asked by the trial court to explain in detail the reasons behind his sudden lack of confidence in counsel, Appellant was unable to respond adequately. *Id.*[6] The two "reasons" Appellant was able to verbalize during

_____

[5] Trial counsel had represented Appellant for over a year in this matter. N.T. 4/2/2014, pp. 87, 91.

[6] The following exchanges typify Appellant's inability to articulate adequate reasons for the requested continuance:

> THE COURT: What is important for me to know is why is it, now that we're three days into trial, that you are convincing yourself that [trial counsel] does not hold your confidence any longer. You need to explain to me in detail why that's the case.
>
> [APPELLANT]: I can't, Your Honor.
>
> THE COURT: You can't?
>
> [APPELLANT]: No.

N.T. 4/2/2014, pp. 89-90.

> THE COURT: Can you offer any additional explanation for me as it concerns specifics or particulars as to why it is you are unhappy with [defense counsel's] services at this point?
>
> [APPELLANT]: No.

*Id.* at 92.

*(Footnote Continued Next Page)*

- 6 -

the colloquy were unconvincing. First, Appellant stated that it seemed that the trial court had already made up its mind regarding Appellant's guilt. *Id.* at 85-86. The trial court correctly explained to Appellant that his concern about the court's perception of the evidence was unrelated to his confidence in counsel, and was both unfounded and inaccurate.[7] *Id.* at 89. Second,

*(Footnote Continued)* ———————

> THE COURT: Okay. So what I'm hearing, Mr. Adams-Smith, is that, for the first time, you are indicating to me that you don't have confidence in your attorney, but you're not able to tell me why.
>
> [APPELLANT]: Basically.

*Id.* at 93.

[7] The trial court explained thusly:

> [L]et me be very clear about a statement that you made at the outset. Okay?
>
> I have never said to anybody or given my own opinion as to whether or not you are guilty or not guilty. First of all, a jury is going to make that decision. I'm not going to make it. As the Judge in this case, my job is to be as objective and as fair as I can be to both sides, and, frankly, I don't mind telling you, that's precisely what I have done from the outset of this case.
>
> *****
>
> You sat here through the motions that were filed, as many as seven by the Commonwealth, and I ruled on every one of those motions objectively.
>
> Now, so first and foremost, I don't have any idea where you're coming from when you suggest that I might have some bias in this case. First of all, I'm not the fact finder. And second of all, that is certainly not so or not true.

N.T. 4/2/2014, p. 89.

Appellant explained that his aunt had told him it did not seem as though counsel had any confidence in Appellant's prospects for success. *Id.* at 88. However, trial counsel explained that throughout his representation of Appellant, he had done everything professionally possible to safeguard Appellant's interests and that he was prepared to proceed with the trial. *See* N.T. 4/2/2014, pp. 94-95; *see also Morris*, 461 U.S. at 12, 103 S. Ct. at 1616 ("In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance.").

Under these circumstances, the trial court did not err in denying Appellant's continuance motion. Appellant's first claim fails.

Next, Appellant claims the trial court erred by allowing the Commonwealth to introduce evidence of Appellant's prior bad acts. *See* Appellant's Brief, pp. 19-27. This claim is waived.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, "the absence of a specific contemporaneous objection renders [an] appellant's claim waived." *Commonwealth v. Baumhammers*, 960 A.2d 59, 84 (Pa.2008).

Here, the Commonwealth filed a Pa.R.E. 404(b) motion *in limine* seeking the introduction into evidence of Appellant's earlier, non-charged victim-grooming conduct in order to provide the jury with the full history of the case. Appellant neither filed a written answer to the Commonwealth's motion nor argued against it at a hearing conducted by the trial court on

pre-trial motions.[8] **See** N.T. 3/31/2014. Additionally, Appellant offered no objection when the Commonwealth introduced the prior bad acts evidence at trial. **See** N.T. 4/2/2014; **see also Commonwealth v. Molina**, 33 A.3d 51, 55 (Pa.Super.2011) ("a defendant's failure to object to allegedly improper testimony at the appropriate stage in the questioning of the witness constitutes waiver."). As a result, Appellant has waived his claim based on the trial court's ruling on the Commonwealth's Pa.R.E. 404(b) motion.[9]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015

---

[8] The trial court allowed Appellant a further opportunity to respond to the Commonwealth's motion by submitting argument after reviewing the relevant law after the hearing. Appellant did not avail himself of this opportunity.

[9] To the extent Appellant may wish to bring a claim of ineffective assistance of counsel based on this waiver, such a claim must await collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa.2013) ("claims of ineffective assistance of counsel are to be deferred to PCRA review").