J. S02007/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| QUADIR JEFFRIES, | : | No. 1335 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 23, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009922-2010

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 23, 2017**

Appellant, Quadir Jeffries, appeals from the judgment of sentence of March 23, 2016, following revocation of his probation.  We vacate the judgment of sentence and remand for resentencing.

The Honorable Frank Palumbo has summarized the history of this matter as follows:

> Appellant was on probation following a guilty plea before the Honorable Paula Patrick to 18 Pa.C.S. [§] 6106, firearms not to be carried without a license.  Appellant pled guilty on September 27, 2010 and was sentenced on December 3, 2010 to a period of four years of reporting probation.  On February 23, 2014, Appellant was arrested on charges of robbery, conspiracy, burglary, aggravated assault, and violation of the Uniform Firearms Act, with an alleged criminal act date of January 18, 2014.

Briefly stated, the facts of that case involved a home invasion armed robbery of a fifty-seven year-old victim, who was ambushed via a co-conspirator. Appellant pistol whipped the victim while screaming for money. The victim's neighbor opened the door to his room and was shot in the arm by a co-defendant. Appellant took money and drugs, and shot out a camera while fleeing. Notes of Testimony, 3/23/16, p. 7-10.

Appellant was tried before a jury. Appellant was convicted and on February 17, 2016, the Honorable Glenn Bronson sentenced Appellant to an aggregate term of twenty to forty years of incarceration. In the interim, Judge Patrick has been assigned to the civil trial division and jurisdiction over Appellant's supervision was transferred to this court. At a violation hearing on March 23, 2016, this court revoked probation and sentenced Appellant to a period of three [and one-half] to [seven] years of incarceration, consecutive to Judge Bronson's sentence. This appeal followed. Appellant filed his notice of appeal on April 20, 2016. On April 22, 2016, this court ordered Appellant to file a Concise Statement of Matters (hereinafter Statement) pursuant to Pa.R.A.P. 1925(b). Appellant filed his Statement on May 20, 2016[.]

Trial court opinion, 6/8/16 at 1-2 (footnote omitted).

Appellant has raised the following issues for this court's review:

1. Whether [t]he sentencing court erred as a matter of law, abused its discretion and violated general sentencing principles when, following a revocation of probation, the court imposed a statutory maximum sentence, ordered to be served consecutively?

2. Whether the court abused its discretion in conducting the violation of probation [("VOP")] hearing and sentencing Appellant to the statutory maximum when counsel admitted on the record that he was not prepared to proceed

and had no file, had only met the Appellant that morning and had no information or witnesses present?

Appellant's brief at 4.

We will address appellant's second issue first. Appellant complains that the trial court should have granted a continuance. Appellant argues that his attorney was unprepared and knew nothing about the case. (Appellant's brief at 17-18.) Appellant met his attorney for the first time immediately prior to sentencing. (*Id.* at 17.) Defense counsel had no evidence or witnesses to present. (*Id.* at 18.) According to appellant, he did not even know why he was in the courtroom on March 23, 2016. (*Id.* at 17-18.) Appellant contends that under the circumstances, he was denied his right to a fair sentencing hearing as well as his constitutional right to effective assistance of counsel. (*Id.* at 23.)

Initially, we note the following:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

> ***Commonwealth v. Brooks***, 628 Pa. 524, 529-30, 104 A.3d 466 (2014) (quotations marks, quotation, and citation omitted).

***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa.Super. 2016).

> However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of "an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.]" [***Commonwealth v. Sandusky***, 77 A.3d 663, 672 (Pa.Super. 2013)] (quotation marks and quotation omitted). Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. ***See id.***

***Id.***

Pennsylvania Rule of Criminal Procedure 106, "Continuances in Summary and Court Cases," provides, in relevant part, as follows:

> (A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.
>
> (D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106 (A), (D).

Appointed counsel, Matthew Hellerman, Esq., did not request a continuance until the day of sentencing. The public defender who had previously been representing appellant was unavailable and,

- 4 -

Attorney Hellerman was assigned at the last minute. Attorney Hellerman

explained,

> Your Honor, I spoke to [appellant] this morning in the booth just briefly. I was -- I met him for the first time today. I don't have a file on this case. Apparently, the Public Defender's Office was appointed at the last listing with -- Ms. Fensterer was present. She requested a date. I never received any information. After speaking with [appellant], he didn't know what he was here for today. I wasn't able to have his family come in to be here for him, as they typically would be. He didn't know he had a violation hearing today or that's what he was being brought for.
>
> Mr. Mischak represented him on these direct violations. Mr. Mischak has filed post-trial motions and he would like Mr. Mischak to be present to represent him on this, Your Honor.
>
> So that is my request at this point.
>
> THE COURT: As --
>
> [ANDREW] NOTARISTEFANO[, ESQ., ADA]: We dealt with that at the last listing. We dealt with all of that at the last listing.
>
> THE COURT: Okay, but --
>
> MR. NOTARISTEFANO: Mr. Mischak said he wasn't going to represent [appellant]. There was a conversation. The defendant's mother was in the courtroom; she was spoken to. The court staff called Mr. Mischak's Office. There was a conversation with Ms. Fensterer. Your Honor appointed her. You gave her the time to prepare for it. I provided her the pre-sentence investigation [("PSI")] [report] as well as the Sentencing Memorandum. They've had all the information since the last listing, which was approximately a month ago. They knew where he was. He was kept locally for various reasons. He

wasn't shipped up to SCI Forest as the state system had planned and it was all dealt with and he knows that, and Your Honor, knows that, and the PD's Office knows it. Maybe not this Assistant Public Defender, but it was discussed and the PD's Office does know that.

MR. HELLERMAN: And in that case, like I said, I wasn't present for any of that, Your Honor. Ms. Fensterer never told me anything about this case. I don't know if she knew she would not be here today, so it's my position that at the very least Ms. Fensterer should be here to handle it, if not Mr. Mischak. I'm just simply relaying my client's request. If it's denied, then we'll proceed.

Notes of testimony, 3/23/16 at 13-15.

Judge Palumbo denied the request for a continuance, but indicated that he would consider appellant's argument to run his VOP sentence concurrently with his sentence on the new charges. (***Id.*** at 16-18.) Attorney Hellerman made an argument for concurrent sentences but noted that he was hindered by his lack of information concerning appellant's case. (***Id.*** at 17-18.) Judge Palumbo addressed this issue in his Rule 1925(a) opinion as follows:

Here, Appellant was listed for a violation hearing on February 16, 2016 and the public defender was appointed after court staff contacted Appellant's trial counsel and was informed that trial counsel was not retained for the probation violation. The case was continued and the Commonwealth's attorney passed a copy of the [PSI] report and the Commonwealth's sentencing memorandum. Appellant's family was present at the February 16 court date and aware of his March 23 hearing. At the revocation hearing, the assigned defender was again provided with copies of the [PSI] report, the

- 6 -

> Commonwealth's sentencing memorandum, and the probation summary. Counsel had an opportunity to confer with Appellant prior to the revocation hearing. Under the aforementioned circumstances, the court's decision to go forward with the revocation hearing was not an abuse of discretion and no relief is due.

Trial court opinion, 6/8/16 at 6.

We must respectfully disagree. While Attorney Hellerman had a copy of the Commonwealth's sentencing memorandum and the PSI report, he was wholly unfamiliar with appellant's case and had just met him that morning. He did not have a case file and was given no information from Attorney Fensterer. (Notes of testimony, 3/23/16 at 13.) Attorney Hellerman did not have the opportunity to secure witnesses to testify on appellant's behalf. (*Id.*) It is clear from the transcript that Attorney Hellerman was unaware of appellant's background and individual circumstances, as well as any potential mitigating evidence, and was thoroughly unprepared to proceed at the VOP sentencing hearing.

While the Commonwealth characterizes the continuance request as untimely, Attorney Hellerman could not have made it sooner as he was just assigned appellant's case that day. It is unknown from the existing record why Attorney Fensterer was unable to appear on appellant's behalf, but certainly whatever happened, it was not appellant's fault. In the interests of justice and to safeguard appellant's rights to effective representation and due process, Attorney Hellerman's continuance request should have been granted. There was no apparent prejudice to the Commonwealth by

granting the request. For these reasons, we are compelled to vacate the judgment of sentence and remand for resentencing.[1] Given our disposition of appellant's second issue, it is unnecessary to address the first issue.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017

---

[1] Appellant does not dispute that he was in violation of his probation where he was convicted of new charges.