J-S13012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY J. DEAN, | |
| Appellant | No. 667 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 9, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000571-2017

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED  SEPTEMBER 26, 2019**

Larry J. Dean (Appellant) appeals from the judgment of sentence of an aggregate term of 65 to 193 years' incarceration following a jury trial at which Appellant was found guilty of two counts of corrupt organizations, 18 Pa.C.S. § 911(b)(3); two counts of criminal conspiracy to engage in corrupt organizations, 18 Pa.C.S. § 911(b)(4); sixteen counts of delivery of a controlled substance, 35 P.S. § 780-113(a)(30); and two counts of possession with intent to deliver a controlled substance, 35 P.S § 780-113(a)(30). Appellant challenges the denial of two motions to continue.  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was arrested on August 2, 2017, in connection with a Pennsylvania State Police investigation that began in 2016 and involved the shipment of methamphetamines from Arizona to Pennsylvania. Appellant was one of many individuals arrested. A preliminary hearing took place on November 3, 2017, and all charges were held for court. The court scheduled an omnibus pre-trial hearing for February 8, 2018. Jury selection was scheduled for March 2, 2018, and a five-day trial was to begin on March 19, 2018.

At the center of this appeal are Appellant's two motions to continue jury selection. On February 6, 2018, the first of these motions was filed, requesting that Appellant's attorney needed additional time to review the "thousands of pages of discovery" already received plus the "additional discovery yet to be received[.]" Appellant's brief at 6. This motion also claimed that the Commonwealth's many witnesses had not been investigated by the defense. This motion was denied on February 9, 2018. The second motion to continue jury selection was filed on February 21, 2018, alleging that Appellant "was evaluated by Louis S. Martone, M.D. and [Appellant's] ability to participate in his own defense cannot be definitively determined and that [Appellant] required [] formal neurological medical testing[.]" *Id.* Furthermore, the motion indicated that "additional medical records had to be obtained." *Id.* This motion was denied on February 21, 2018, the same day it was filed. The trial took place as scheduled and resulted in Appellant's

conviction on 21 of the 22 counts initially charged.[1]  Sentencing took place on

April 4, 2018, and the court imposed the term of incarceration noted *supra*.

This appeal followed with Appellant raising the following single issue on

appeal:

> Did the court abuse it's [*sic*] discretion by denying [Appellant's]
> motions to continue the trial?

Appellant's brief at 4.[2]

On May 21, 2019, this Court filed a memorandum decision affirming

Appellant's judgment of sentence.  Appellant thereafter filed a petition for

reconsideration, which the panel granted.  After careful review, we again

affirm for the reasons set forth *infra*.

Initially, we note the following:

> Appellate review of a trial court's continuance decision is
> deferential.  The grant or denial of a motion for a
> continuance is within the sound discretion of the trial court
> and will be reversed only upon a showing of an abuse of
> discretion.  As we have consistently stated, an abuse of
> discretion is not merely an error of judgment.  Rather,
> discretion is abused when the law is overridden or
> misapplied, or the judgment exercised is manifestly
> unreasonable, or the result of partiality, prejudice, bias, or
> ill-will, as shown by the evidence or the record[.]

---

[1] One count charged under 35 P.S. § 780-113(a)(30) had been withdrawn.

[2] In his concise statement of errors complained of on appeal, Appellant also alleged error by the trial court "by requiring pretrial motions to be submitted before the time allowed by rule[.]"  **See** Appellant's Concise Statement. Appellant has abandoned this issue by failing to include it in his brief to this Court.

> ***Commonwealth v. Brooks***, 628 Pa. 524, 529-30, 104 A.3d 466
> (2014) (quotations marks, quotation, and citation omitted).
>
>   This Court has observed that "[t]rial judges necessarily
> require a great deal of latitude in scheduling trials. Not the least
> of their problems is that of assembling the witnesses, lawyers, and
> jurors at the same place at the same time, and this burden
> counsels against continuances except for compelling reasons."
> ***Commonwealth v. Sandusky***, 77 A.3d 663, 671 (Pa. Super.
> 2013) (quotation omitted). However, the trial court exceeds the
> bounds of its discretion when it denies a continuance on the basis
> of "an unreasonable and arbitrary insistence upon expeditiousness
> in the face of a justifiable request for delay[.]" ***Id.*** at 672
> (quotation marks and quotation omitted). Accordingly, we must
> examine the reasons presented to the trial court for requesting
> the continuance, as well as the trial court's reasons for denying
> the request. ***See id.***

***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa. Super. 2016).

Appellant argues that the two motions requesting continuances were reasonable in that the court's order requiring pretrial motions to be filed within 14 days after arraignment and trial to begin two months thereafter did not provide enough time for counsel to prepare in light of the Commonwealth's year-long investigation. In essence, Appellant contends that "the trial court did not allow enough time for [Appellant] to review the discovery and conduct his own investigation of the items seized and witnesses who would be called to testify against him." Appellant's brief at 10. Moreover, Appellant asserts that his requests were reasonable, but that the court's orders denying the motions did not provide reasons for the denials, except to state that not denying the motions would have caused unjustifiable expense and delay without further explanation. Appellant concludes his argument by stating that "[t]he Commonwealth spent a year gathering information and preparing this

matter for trial and [Appellant] got less than two months to review the discovery and prepare for his defense, all the while being evaluated by [a] doctor to determine his ability to participate in his own defense." ***Id.*** at 11.

In its opinion, the court noted that the initial request for a continuance occurred more than a month before the scheduled trial. Thus, relative to the first motion, the court determined that it was speculative that counsel "would not have adequate time to prepare for trial thus [it] did not strike the [c]ourt as 'good cause' for granting a continuance." Trial Court Opinion (TCO), 9/21/18, at 1. The court further stated:

> As for the second motion, [Appellant] sought additional time to establish whether he was competent to stand trial. Dr. Louis S. Martone evaluated him for that purpose and, finding the evidence to be inconclusive, recommended formal neurological medical testing. [Appellant] requested a continuance so he could accomplish that[.] He renewed his motion immediately before jury selection, at which time the [c]ourt explained why it was not going to continue the trial for that speculative endeavor. Dr. Martone certainly could not say [Appellant] was incompetent, and during his pre-jury selection colloquy, [Appellant] all but disproved his own claim in that regard. Explaining his decision not to be present during *voir dire*, he stated that he became confused under pressure, not because of an underlying neurological disorder, but because he sometimes experienced loud ringing in his ears and headaches so severe that they affected his cognitive abilities. He thus confirmed, albeit inadvertently, that the circumstances which led his attorney to request a competency evaluation in the first place did not stem from the sort of psychological disorder that may render one unable to aid in his own defense.
>
> Also telling was the manner in which [Appellant] conducted himself at trial, where he repeatedly demonstrated that he understood what was happening, who the witnesses were and what they were saying, and, in at least one instance, what particular evidence his attorney could use to attempt to discredit

them. Even throughout four very long and arduous days of trial, therefore, [Appellant] showed no signs of incompetency such that a continuance was necessary to allow for additional testing beyond Dr. Martone's evaluation.

There being no basis to conclude that the [c]ourt's denial of [Appellant's] continuances meant either that he had insufficient time to prepare for trial or that it forced an incompetent man to stand trial, therefore, it was no[t] error to do so. Accordingly, neither of his issues warrants relief and the judgment of sentence should be affirmed.

TCO at 2 (citations to record omitted).

Our review of the record reveals support for the court's findings as to the reasons it asserted for denying Appellant's motions for continuances. Particularly, the court's determination that Appellant evidenced an ability to aid in his own defense overcame the allegation that Appellant was not competent to stand trial. Moreover, the court's conclusion that Appellant's counsel's request for more time to prepare was not supported by any allegation that anything differently would have been done in preparation for trial. Appellant only suggests that the manner in which the case moved forward prejudiced his right to a fair trial. The court's conclusion that this assertion was speculative at best is not belied by anything Appellant argues. Accordingly, we conclude that the trial court did not abuse its discretion in denying the two motions for continuances.

Judgment of sentence affirmed.

Judge Ott files a concurring statement.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/26/2019